UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHERONDA FREEMAN, | ) | Case No. 1:25-cv-00610 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| MR. COOPER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Cheronda Freeman filed this action, without a lawyer, against Mr. Cooper, a mortgage servicing company, alleging that it lacks authority to service her loan, enforce a mortgage, and initiate foreclosure proceedings. (ECF No. 1, PageID #2.)

### STATEMENT OF FACTS

In her complaint, Ms. Freeman alleges the following facts, which the Court takes as true and construes in her favor in the current procedural posture.

Ms. Freeman resides in South Euclid, Ohio. (*Id.*, PageID #2.) At some point, she entered into a loan modification agreement. (*Id.*, PageID #3.) She claims that her modified monthly payment increased by $100 in 2024 and $600 in 2025. (*Id.*) Ms. Freeman alleges that Mr. Cooper, a mortgage servicing company with its principal place of business in Texas, is not the legal loan servicer for her mortgage. (*Id.*, PageID # 2.)  Rather, Ms. Freeman alleges that Ginnie Mae holds the loan. (*Id.*) She claims that Mr. Cooper acted as the servicer regardless and "has attempted

to enforce rights under the mortgage and note." (*Id.*) Ms. Freeman alleges that records in the Mortgage Electronic Registration Systems list her account as inactive, which she claims raises "further questions about Mr. Cooper's legal standing in this matter." (*Id.*, PageID #3.)

## STATEMENT OF THE CASE

Based on these allegations, Ms. Freeman filed a complaint against Mr. Cooper in federal court. (*Id.*) She seeks a declaratory judgment that Mr. Cooper lacks standing to enforce the note and mortgage at issue. (*Id.*, PageID #4.) Further, she seeks injunctive relief to prevent Mr. Cooper from proceeding with any foreclosure or enforcement action until it establishes its legal right to do so. (*Id.*) Finally, Plaintiff seeks clarification pursuant to Section 3-303 of the Uniform Commercial Code "regarding the consideration provided by Mr. Cooper in claiming the right to enforce the note and mortgage." (*Id.*) She seeks the complete chain of title of the mortgage and note, as well as "proof of Mr. Cooper's authority to service the loan, enforce the mortgage, and initiate foreclosure proceedings." (*Id.*, PageID #2.)

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Federal courts have limited jurisdiction. Unlike State trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs*

*v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, it is to be presumed that a cause of action lies outside this limited jurisdiction, and the burden of establishing jurisdiction rests with the party attempting to bring the case in federal court. *Kokkonen v. Guardian Life Ins. Co. of Am*erica, 511 U.S. 375, 377 (1994).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## I. Diversity Jurisdiction

The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must demonstrate that she is a citizen of one State and the defendants is a citizen of another State. The citizenship of a natural person means her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Schwartz v. Electronic Data Sys., Inc.*, 913 F.2d 279, 282 (6th Cir. 1990) (quoting 28 U.S.C. § 1332(c)(1)). Further, the amount in controversy "must exceed the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Plaintiff does invoke diversity jurisdiction in this case. Although Plaintiff is a citizen of Ohio and she alleges that Defendant has its principal place of business

in Texas, Plaintiff does allege where Defendant is incorporated. (*Id.*, PageID #2.) Even assuming that Defendant is not incorporated in Ohio, Plaintiff has not carried her burden as the party invoking federal jurisdiction to state the amount in controversy. The only mention of any amount of money in controversy is Plaintiff's claim that her "modification payment increased by $100 last year and increased by $600 this year." (*Id.*, PageID #3.) Even projected reasonably into the future, these allegations fail to meet the jurisdictional threshold. And Plaintiff has not even tried to claim otherwise. She has the burden to do so. *Kokkonen*, 511 U.S. at 377. For these reasons, Plaintiff has not established that the Court may exercise diversity jurisdiction.

## II.     Federal Question Jurisdiction

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" a defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what the plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. Here, Plaintiff claims the action arises under "federal questions

4

relating to the enforcement of a mortgage" and the Uniform Commercial Code, conferring federal question jurisdiction. (ECF No. 1, PageID #1.)

Regarding the Uniform Commercial Code, "the UCC itself, is not the law of any state, nor is it federal law." *Gilbert v. Monaco Coach Corp.*, 352 F. Supp. 2d 1323, 1329 (N.D. Ga. 2004). Instead, two private organizations—the American Law Institute and the Uniform Law Commission—drafted the Uniform Commercial Code to facilitate commerce. States are free to adopt the Uniform Commercial Code, to ignore it, or to adopt only parts of it. Ohio, for example, has adopted the Uniform Commercial Code, with some changes, and codified it in Title 13 of the Ohio Revised Code. *See United States v. Thomas*, No. 1:23-cr-195-2, 2025 WL 683642, at *5–6 (N.D. Ohio Mar. 4, 2025). Accordingly, the Uniform Commercial Code does not authorize the Court to hear Plaintiff's claims.

As for Plaintiff's assertion of "federal questions relating to the enforcement of a mortgage," she includes no indication as to what those federal questions are. (ECF No. 1, PageID #1.) Although the pleadings and documents *pro se* litigants file are liberally construed and held to less stringent standards than the formal pleadings of lawyers, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court cannot determine what "federal questions" might relate to the enforcement of a mortgage on the basis of the allegations. Moreover, State law—not federal law—generally determines the rights of a holder and who is entitled to enforce instruments. *See* Ohio Rev. Code § 1303.31;

5

*Deutsche Bank Natl. Trust Co v. Holden*, 147 Ohio St. 3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 22.

As the Declaratory Judgment Act and Section 2201, "the Act is not 'an independent basis for federal subject matter jurisdiction.'" *Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007) (quoting *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). "Before 'invoking the Act,' . . . a federal court must 'have jurisdiction already' under some other federal statute." *Id.* (quoting *Heydon*, 327 F.3d at 470.)

Accordingly, Plaintiff fails to allege a basis on which the Court may exercise federal question jurisdiction.

## CONCLUSION

For these reasons, the Court determines that it lacks subject-matter jurisdiction over this action. Therefore, the Court **DISMISSES** this action **WITHOUT PRJEUDICE**.

**SO ORDERED.**

Dated: March 28, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

6